NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0333n.06

Case No. 21-5661

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| Plaintiff - Appellee, | ) | Aug 17, 2022 |
|  | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED |
|  | ) | STATES DISTRICT COURT FOR |
| FLOYD WALLACE, | ) | THE WESTERN DISTRICT OF |
| Defendant - Appellant. | ) | TENNESSEE |
|  | ) |  |
|  | ) | OPINION |

Before: BATCHELDER, WHITE, and MURPHY, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.** In this appeal, Floyd Wallace claims that he received ineffective assistance of counsel (IAC) during sentencing because his counsel declined to argue that Wallace's prior conviction for aggravated assault was not a predicate felony under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1). We affirm.

The federal prosecutor charged Wallace with being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), and possession of a firearm after a conviction for misdemeanor domestic violence, § 922(g)(9). Wallace entered a guilty plea to both counts pursuant to a plea agreement in which he waived, among other things, his right to appeal a sentence within the advisory guidelines range. The waiver did not apply to claims of prosecutorial misconduct or IAC.

At sentencing, the district court calculated a guidelines range of 180 to 210 months in prison. But Wallace had prior felony convictions: two for aggravated robbery, T.C.A. § 39-13-402, and another for aggravated assault, T.C.A. § 39-13-102. The court found all three to be predicate felonies under the ACCA, thus triggering the 180-month mandatory minimum sentence,

18 U.S.C. § 924(e)(1). Despite an invitation from the court, Wallace's counsel declined to argue that those convictions were not ACCA predicates. The court sentenced Wallace to 180 months in prison.

On appeal, Wallace claims IAC due to his counsel's failure to argue that aggravated assault under Tennessee law is not an ACCA predicate felony. To prevail, Wallace must show that his counsel's failure fell below "an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

We generally do not decide IAC claims on direct appeal. *See Massaro v. United States*, 538 U.S. 500, 504 (2003). Given the nature of IAC claims, the record on direct appeal is not "developed precisely for the object of litigating or preserving" the IAC claim. *See United States v. Ferguson*, 669 F.3d 756, 762 (6th Cir. 2012) (quoting *Massaro*, 538 U.S. at 504-05). Therefore, IAC claims "are more properly [decided] in a post-conviction proceeding under 28 U.S.C. § 2255, after the parties have had the opportunity to develop an adequate record on the issue from which the [] court is capable of arriving at an informed decision." *United States v. Williams*, 612 F.3d 500, 508 (6th Cir. 2010) (quotation marks and citation omitted).

"We make an exception only in the rare case in which the record is adequate to review the claim on direct appeal." *United States v. Gilbert*, 838 F. App'x 181, 183 (6th Cir. 2021) (citing *United States v. Pruitt*, 156 F.3d 638, 646 (6th Cir. 1998)). Wallace has not shown that this is the exceptional record or rare IAC claim that would warrant adjudication on direct appeal.

We AFFIRM the judgment of the district court.